### HOFFMAN v DRURY et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1274. Decided Aug 30, 1934

C. R. Heberling, Dayton, and J. T. Miller, Dayton, for plaintiff.

Harry P. Jeffrey, Dayton, for defendant.

## OPINION

By HORNBECK, PJ.

The trial court in a carefully prepared opinion held that the action of two of the trustees was unauthorized and without effect because as joint trustees they could only amend the trust by action of all of the trustee members. The opinion sets forth the general rule which supports the conclusion. However, the right of the trustees to act in lesser number than the whole may be supported if it is in accord with the true meaning and intent of the original declaration of trust. The rule is well stated in 65 C.J., 667:

"In the case of a private trust, as distinguished from a public or charitable trust, where there are several trustees and all have accepted and are exercising the office, their powers, interest, and authority are equal and undivided; they cannot act separately, but must act as a unit, except where authority to act is given to a majority of the trustees by statute, or by the instrument creating the trust, * * *."

Section 44 provides:

"The power to amend the provisions of this instrument shall be and remain in the trustees hereof, by majority vote, and by proper resolutions hereto annexed setting forth the facts * * *."

If a determination of the question of the right of the trustees to make the amendment under consideration by a majority vote thereof were decisive of the rights of the parties we would hesitate to say that the joint action of all trustees was essential to a valid and effective amendment. In our judgment this is not the sole controlling question but another decisive factor is found in the succeeding provision of §44 which reads:

"But no amendment shall ever be permitted to interfere with the true intent and purpose of this instrument."

The original trust declaration provided for a joining of interests of the three individuals named as trustees, together with the life insurance policies described in the declaration. The trustees as individuals put into the trust shares of stock of the Drury Printing Company which they owned. The stock which each individual owned would, in the absence of the trust agreement, have passed to his heir or heirs or beneficiaries. By virtue of the declaration, upon the death of any of these three individuals, his share passed to the other and to the ultimate survivor passed the interest of the other two trustees.

To compensate the beneficiaries of the three individuals provision was made for the insurance policies, the beneficiaries of which were the wives of the individuals and in one instance a son as well, the proceeds of these policies to pass to the beneficiaries, probably upon the theory that the money thus derived would stand in the place of the interests of the individual in the stock of the Drury Printing Company. That the rights of these beneficiaries were valuable and vested is evidenced not only by the terms of the trust declaration, but also by the fact that they were made parties to the declaration and were signatories

thereto. We are satisfied that these beneficiaries had a substantial vested interest which could not be taken from them without their consent.

Thereafter, the first amendment was enacted and the rights of these beneficiaries were increased, and again not only the subject matter indicates that the rights were valuable and a moving reason for the amendment but the beneficiaries also were made parties to the amendment.

When, then, the attempt was made by the two trustees to amend by virtue of original §44 of the declaration of trust it could not be accomplished as attempted for two reasons: First, the purport and effect of the amendment was clearly in violation of that part of §44 which provided that "no amendment shall ever be permitted to interfere with the true intent and purpose of this instrument and, Second, because it took away from the beneficiaries without their consent a valuable right which had vested in them, namely, the right to the actual premiums which had been paid on their respective policies.

It is further necessary to determine the meaning of the language of the amendment of December, 1930. and paragraph 18 thereof, which provides:

"The survivor and survivors of them hereby assumes and agrees to pay, in addition to the amount of money provided to be paid by the terms and provisions of the Drury Trust Agreement * * * to the person and persons entitled to the proceeds of the said trust **a certain sum of money determined by adding together the exact premiums** paid on the policy of life insurance upon the life of said decedent."

What is meant by the phrase, "a certain sum of money determined by adding together the exact premiums paid on the policy of life insurance upon the life of said decedent?" It is the claim of the plaintiff that it means the sum total of the stated amount of premiums paid on her policy under the terms of the trust agreement. It is the claim of defendants Drury and Rossell that it means the exact sum of money paid to keep the insurance in force, though there may have been applied to the premiums dividends declared on the policy.

In our judgment the latter contention is the correct one. Otherwise the adjective "exact" has no force and effect in the sentence where employed. In the use of the expression "exact premiums" it seems to us that it was contemplated to include only such sums of money as were necessary to settle the premiums and keep the insurance in force.

Although the questions presented in this case arise out of voluminous documents, the arguments of counsel have taken wide latitude and the briefs have been carefully prepared and helpful, we feel that a determination of the propositions involved may be made within a narrow compass. We, therefore, do not discuss at great length many of the subjects treated in the briefs. In our view of the case it is not necessary to discuss the question of good faith on the part of the trustees in their notice to Mr. Hoffman respecting the meeting at which the final amendment to the declaration of trust was made, nor is it necessary to consider the fact that the purpose of this meeting was not definitely set forth in the notice sent to Mr. Hoffman. In our view of the case it is not controlling to decide whether the premiums upon the insurance policies were paid by the individual members of the company out of their own funds or if they were paid out of the funds of the company.

The outstanding issue in this case, in our judgment is whether or not the last amendment so affected the substantial and vested rights of the beneficiaries as that it violated both the provision that no amendment should be permitted to interfere with the true intent and purpose of the instrument and also the rights of the beneficiaries.

Decree in accordance with this opinion may be drawn.

BARNES, J, concurs.